[Cite as *Pemberton v. Woodford*, 2013-Ohio-214.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BROWN COUNTY


| | | |
|---|---|---|
| LAURA PEMBERTON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-01-001 |
| | : | O P I N I O N |
| - vs - | | 1/28/2013 |
| | : | |
| MICHAEL WOODFORD, | : | |
| Defendant-Appellant. | : | |


CIVIL APPEAL FROM BROWN COUNTY MUNICIPAL COURT
Case No. CVG1100669


Christine D. Tailer, P.O. Box 14, Georgetown, Ohio 45121, for plaintiff-appellee

Michael Woodford, The Citadel, 114 East Eighth Street, Suite 101, Cincinnati, Ohio 45202, defendant-appellant, pro se


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Michael Woodford, appeals from the decision of the Brown County Municipal Court granting a writ of restitution to plaintiff-appellee, Laura Pemberton, in a forcible entry and detainer action.

{¶ 2} On October 25, 2011, Pemberton filed a complaint for eviction against Woodford, alleging that he was in breach of his month to month tenancy on her property and for nonpayment of rent. The property is a 6.01 acre tract of land that she purports to own in

Brown County, Ohio (the "Property"). Pemberton alleged that she had served Woodford with notice to leave the premises on September 15, 2011, and that he had unlawfully detained her from possession of the Property as of October 15, 2011. Woodford filed a notice of limited appearance and an objection to the jurisdiction of the municipal court on November 14, 2011. Woodford moved to dismiss on December 7, 2011, alleging that Pemberton had failed to state a claim in that he was an "acting interim trustee of the property at issue." Woodford subsequently filed an Affidavit for Successor Trustee on December 19, 2011.

{¶ 3} The case proceeded to a hearing on December 16, 2011. On December 21, 2011, the municipal court granted the eviction and transferred Woodford's damages claim and the question of ownership of the Property to the common pleas court.

{¶ 4} Woodford appeals from that decision, raising four assignments of error for our review. For ease of analysis, we will combine Woodford's first and fourth assignments of error as the issues therein are intertwined.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED WHEN IT REQUIRED PROOF OF TRUST BY CLEAR AND CONVINCING EVIDENCE WHEN THE ISSUE OF THE EXISTENCE OF A TRUST IS WITHIN THE EXCLUSIVE JURISDICTION OF THE COMMON PLEAS COURT AND THE EVICTION COURT'S RELIANCE ON THE "STRONG PRESUMPTION OF TITLE" ON ACCOUNT OF RECORDED INSTRUMENTS IS MISAPPLIED IN THE CONTEXT OF PARTIES MANIFESTING A CLEAR INTENT TO REPOSE SPECIAL TRUST AND CONFIDENCE IN EACH OTHER.

{¶ 7} Assignment of Error No. 4:

{¶ 8} IT WAS ERROR FOR THE COURT TO PRESUME SUBJECT MATTER JURISDICTION OVER THE AFFECTED LANDS AND MERGE THE ISSUES OF DISMISSAL WITH IMMEDIATE RIGHT TO POSSESSION WHERE THE ALLEGED

DETAINEE IN EVICTION MAKES OUT A PRIMA FACIE CASE OF PURPORTED TITLE IN THE NAME OF A TRUST BY INTRODUCING MATERIALS OUTSIDE THE PLEADINGS INTO THE RECORD, REQUESTING DISMISSAL PER [CIV.R. 12(H)(3)] AND REQUESTING THE MATTER BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT PER [CIV.R. 12(B)].

{¶ 9} Within Woodford's first and fourth assignments of error, he argues that the municipal court lacked subject matter jurisdiction to hear the case because title to the property was drawn into question.

{¶ 10} At the December 16, 2011 hearing, a series of documents was introduced into evidence regarding the Property. Pemberton introduced only one document, a deed of the Property dated August 12, 2011 and recorded on August 16, 2011 from Terri Losekamp to Laura Pemberton, individually. Woodford then introduced numerous documents, both recorded and unrecorded, signed and unsigned. The majority of these documents were signed by Laura Pemberton, as "Trustee of the Mita Kuye Oyasin Nature Preserve and Wildlife Sanctuary Land Trust" (the "Trust"). Among the exhibits Woodford introduced was an unrecorded deed, dated October 4, 2000, granting title to Pemberton as Trustee of the Trust. It is substantially on the basis of that unrecorded deed that Woodford claims title to the Property is drawn into question.

{¶ 11} R.C. 1901.18(A)(8) grants municipal courts original jurisdiction "in any action of forcible entry and detainer." However, Woodford argues that the unrecorded 2000 deed to Pemberton as trustee brings title to the Property into question, and therefore the matter of title, along with the present forcible entry and detainer action, must be determined by a common pleas court rather than a municipal court.

{¶ 12} In *Haas v. Gerski*, 175 Ohio St. 327 (1963), the Ohio Supreme Court addressed the issue of whether an action to quiet title in the court of common pleas prevents a municipal

court from rendering judgment in a forcible entry and detainer action in. The court noted that

> [a]n action in forcible entry and detainer is solely a possessory action. It does not determine the title to real property. The gist of the action is the right to present possession. Where, as here, possession is dependent on title, it is the present title which controls. In such an action, the court as an incident to determining the right to possession may determine in whom the present title rests, but it is only to this extent that title is determined and such determination in no way binds the Court of Common Pleas.

*Id.* (internal citations omitted.)

{¶ 13} In its syllabus, the *Haas* court more succinctly stated that, "[a] Municipal Court, under Section 1901.18, Revised Code, has jurisdiction to hear and determine a forcible entry and detainer action, where, although title to the realty is drawn in question, there is no question as to *present record title.*" (Emphasis added.) *Id.* While axiomatic, Black's Law defines "record title" as "title as it appears in the public records after the deed is properly recorded." Black's Law Dictionary (9th Ed.2009). In *State ex rel. Carpenter v. Warren Municipal Court*, 61 Ohio St.2d 208 (1980), the Ohio Supreme Court reaffirmed and expanded the *Haas* decision, holding that a municipal court not only *may* decide such a case, but rather *must*, lest the purpose of the forcible entry and detainer statute (i.e., immediate possession) be defeated.

{¶ 14} In the case at bar, the only recorded deed of the Property is the 2011 deed to Laura Pemberton individually. The deed Woodford relies on to draw the title of the Property into question was never recorded. Therefore, there is no question as to present record title, which lies with Pemberton. Accordingly, the issue of whether the unrecorded deed to Laura Pemberton as trustee created the Trust or conveyed the Property into the Trust need not be decided by the municipal court or this court.[1]

---

1. We note that our decision today has no bearing on the existence of the Trust or the determination of ownership of the property in a quiet title action. The determination of those issues are properly left to the common pleas court.

{¶ 15} Finally, Woodford argues the trial court erred when it failed to convert his motion to dismiss into a motion for summary judgment pursuant to Civ.R. 12(B)(6). However, after a review of the record, we note that Woodford was afforded the opportunity to introduce evidence, provide testimony, call witnesses and cross-examine opposing witnesses. Woodford therefore fails to demonstrate the manner in which he was prejudiced by the trial court's failure to convert the motion to dismiss into a motion for summary judgment. Furthermore, we recognize that "a motion not expressly decided by a trial court when the case is concluded is ordinarily presumed to have been overruled." *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002 Ohio 2985, ¶ 13. Accordingly, we presume the trial court implicitly denied Woodford's motion, whether it be a motion to dismiss or a motion for summary judgment, when rendering judgment on the forcible entry and detainer action.

{¶ 16} In light of the foregoing, having found that the trial court had jurisdiction to determine the forcible entry and detainer action where there was no question as to present record title, Woodford's first and fourth assignments of error are overruled.

{¶ 17} Assignment of Error No. 2:

{¶ 18} THE TRIAL COURT ERRED WHEN IT REFUSED TO APPLY R.C. 1923.02(A)(4) AND (5) AGAINST A REPUDIATING TRUSTEE'S RECENTLY RECORDED DEED WHEN THESE STATUTORY SECTIONS EXPRESS TWO SUCH EXCEPTIONS TO THE SUMMARY, EXTRAORDINARY, AND SPEEDY METHOD FOR THE RECOVERY OF THE POSSESSION OF REAL ESTATE AND OVERCOME THE PRESUMPTION OF TITLE DERIVED FROM A RECORDED DEED.

{¶ 19} Here, Woodford argues that he possessed "color of title" that precluded his eviction from the premises. R.C. 1923.02(A)(5) provides that a forcible entry and detainer action may proceed "[w]hen the defendant is an occupier of lands or tenements, without color of title, and the complainant has the right to possession to them." Therefore, it reasons that if

a party being evicted possesses color of title, a municipal court will not have jurisdiction over the action.

{¶ 20} The statute does not define "color of title," and Ohio courts have rarely sought to define the phrase. Black's Law defines color of title as, "[a] written instrument or other evidence that appears to establish title but does not in fact do so." Black's Law Dictionary (9th Ed.2009). The 9th District gave a more detailed definition, stating that, "[c]olor of title means something in writing which upon its face, professes to pass title, but which does not do it, either from want of title in the person making it, or the defective mode of conveyance that is used, but such writing must not be so plainly and obviously defective as that no man of ordinary capacity would be misled by it." *Tarry v. LaGrange*, 9th Dist. No. 90CA0004808, 1990 WL 139879 (Sept. 26, 1990).

{¶ 21} Woodford argues that he possessed color of title as a result of the unrecorded 2000 deed and numerous other instruments signed by Pemberton as Trustee of the Trust. However, there were no written instruments introduced prior to the 2011 deed to Pemberton that name Woodford individually or purport that he is a trustee of the alleged Trust. Accordingly, under the present set of facts, we cannot find that Woodford acquired color of title in the property.

{¶ 22} In light of the foregoing, having found that Woodford lacked color of title where no written instrument appeared to grant him any interest in the Property, Woodford's second assignment of error is overruled.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ERRED WHERE THE COUNTERCLAIM EXCEEDS THE JURISDICTIONAL LIMITS SET OUT IN R.C. 1901.17 SUCH THAT THE MUNICIPAL COURT LACKS SUBJECT MATTER JURISDICTION TO SEVER THE EVICTION CLAIM FROM THE EXCEEDING COUNTERCLAIM, AND THE EXCEPTIONS FOUND IN [Civ.R.

1(C)] RETIRE AND [Civ.R. 13(J)] DIRECTS TRANSFER OF THE ENTIRE CASE TO THE COMMON PLEAS COURT HAVING ORIGINAL JURISDICTION OVER THE "INTERWINED" ISSUES OF PURPORTED OWNERSHIP, SOUNDING IN A PASSIVE "DRY" OR "PASS THROUGH" TRUST AND THE EXCEEDING COUNTERCLAIM, SUCH THAT ONLY THE COMMON PLEAS COURT CAN RENDER A FULL AND COMPLETE DETERMINATION ON THE MERITS THAT AFFORD THE ALLEGED DETAINEE FULL DUE PROCESS TO ESTABLISH THE TOTALITY OF CIRCUMSTANCES MANIFESTING THE TRUST.

{¶ 25} In his third assignment of error, Woodford argues that because his counterclaim seeks more than $25,000 in damages and exceeds the jurisdiction of the municipal court, the entire case should have been certified to the court of common pleas.

{¶ 26} Civ.R. 13(J) provides that, "[i]n the event a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas." In the present case, the municipal court did in fact sever and transfer Woodford's damages counterclaim portion of the case to the Brown County Common Pleas Court. Civ.R. 13(J) does not require that the entire case be certified to the common pleas court in instances such as these where Woodford's counterclaim would not be affected by the municipal court's decision on the eviction action. The very case Woodford cites in support of his argument also recognized that, in an eviction action, when the "claims the appellant had were for monetary damages only," that portion of the case "could be severed from the eviction proceedings and transferred to the Common Pleas Court." *Isaiah's Wings, LLC v. McCourt*, 5th Dist. No. 2005-CA-39, 2006-Ohio-3573.

{¶ 27} In the case at bar, Woodford sought only monetary damages based on the alleged unjust enrichment of Pemberton. Therefore, the municipal court's decision on the eviction action would have no impact on the monetary damages sought in Woodford's counterclaim. Accordingly, the municipal court properly severed and transferred only the

- 7 -

monetary damages and ownership portions of the case to the common pleas court.

{¶ 28} In light of the foregoing, having found that the damages Woodford seeks in his counterclaim would not be affected by the decision of the municipal court, and the municipal court properly transferred the damages portion of the case, Woodford's third assignment of error is overruled.

{¶ 29} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.