[Cite as *Rithy Properties, Inc. v. Cheeseman*, 2016-Ohio-1602.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Rithy Properties, Inc., dba  
Whispering Oaks,

   Plaintiff-Appellee,

v.

Gail Cheeseman,

   Defendant-Appellant.

:  
:  
:  
:  
:  
:  
:  
:

No. 15AP-641  
(M.C. No. 2015 CVG 18948)

(REGULAR CALENDAR)

---

### D E C I S I O N

Rendered on April 19, 2016

---

**On brief:** *Willis Law Firm LLC*, and *Michael J. Cassone*, for appellee.

**On brief:** *Doucet & Associates, Co., L.P.A.*, and *Jonathan M. Layman*, for appellant.

APPEAL from the Franklin County Municipal Court

KLATT, J.

{¶ 1} Defendant-appellant, Gail Cheeseman, appeals a judgment of the Franklin County Municipal Court that granted restitution of the premises at 1885 Belcher Drive, Apartment 302, Columbus, Ohio, to plaintiff-appellee, Rithy Properties, Inc. ("Rithy"). For the following reasons, we dismiss this appeal as moot.

{¶ 2} Rithy instituted a forcible entry and detainer action against Cheeseman by filing a complaint on June 12, 2015. In the complaint, Rithy alleged that Cheeseman had taken possession of the apartment at issue pursuant to a lease agreement, but that agreement had expired. Rithy notified Cheeseman to vacate her apartment and warned

her that she would face an eviction action if she stayed.  Cheeseman did not leave.  Rithy, consequently, sought a writ of restitution from the municipal court.

{¶ 3}  Cheeseman answered the complaint and asserted a counterclaim, which set forth claims for breach of the warranty of habitability, negligence, negligence per se, nuisance, breach of contract, and battery.  In support of her claims, Cheeseman alleged that bed bugs had infested her apartment and Rithy failed to remediate the infestation. Cheeseman sought damages for ruined furniture and personal injury caused by bed-bug bites.  Cheeseman claimed that her damages exceeded $25,000.

{¶ 4}  At the same time Cheeseman filed her answer and counterclaim, she also moved for certification of the entire case to the Franklin County Court of Common Pleas. In her motion, Cheeseman argued that certification was necessary because her counterclaim sought damages in excess of the municipal court's monetary jurisdiction. Pursuant to R.C. 1901.17, a municipal court has jurisdiction "only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars."[1]  If a defendant asserts a counterclaim seeking damages in excess of the jurisdictional amount, the municipal court must certify the proceedings in the case to the court of common pleas.  R.C. 1901.22(E); Civ.R. 13(J).  Because Cheeseman's counterclaim sought damages in excess of $25,000, Cheeseman contended that the municipal court lacked jurisdiction over the entire case, and she sought certification of the case to the common pleas court.

{¶ 5}  In response to Cheeseman's certification motion, Rithy urged the municipal court to retain the action for forcible entry and detainer and only certify the counterclaim to the common pleas court.  Rithy maintained that such a bifurcation of the case would allow the municipal court to maintain jurisdiction over and decide Rithy's claim for immediate possession of the apartment.

{¶ 6}  On June 26, 2015, the parties appeared before a magistrate for trial on the forcible entry and detainer action.  At trial, Cheeseman advocated that the magistrate refrain from ruling on Rithy's action and, instead, certify the entire case to the common pleas court.  Rithy argued that the magistrate could bifurcate the case and decide the

---

[1] This monetary limitation to a municipal court's jurisdiction does not apply to the housing division or environmental division of a municipal court.  R.C. 1901.17.  This case does not implicate either of the two exceptions.

action for forcible entry and detainer. At the conclusion of the proceedings, the magistrate announced that she was "going to bifurcate the case, and * * * go forward with the eviction." (June 26, 2015 Tr. 16.) In a decision issued the same day as trial, the magistrate granted Rithy judgment for restitution of the premises. The municipal court adopted the magistrate's decision in a judgment filed July 1, 2015.

{¶ 7} Cheeseman objected to the magistrate's decision. In relevant part, Cheeseman argued that the municipal court could not sever the forcible entry and detainer action from the counterclaim. Citing precedent from this court, Cheeseman asserted that the municipal court had to certify the entire case to the common pleas court. In short, Cheeseman argued, the filing of the counterclaim divested the municipal court of jurisdiction to hear any part of the case, so the municipal court could not rule on the action for forcible entry and detainer.

{¶ 8} In a judgment and entry filed July 2, 2015, the municipal court overruled Cheeseman's objections and ordered the court clerk to proceed with the writ of restitution. Cheeseman immediately appealed that judgment to this court. She also moved for a stay of execution of the municipal court's judgment. Rithy opposed a stay. Alternatively, Rithy argued that Cheeseman should only receive a stay if she secured a supersedeas bond in the amount of $5,508, which was the amount a tenant would pay for renting the apartment Cheeseman occupied for one year. In reply, Cheeseman proposed that she post her monthly rent with the court clerk as security.

{¶ 9} This court granted Cheeseman a stay conditioned upon Cheeseman's timely posting of her monthly rental payment to the municipal court clerk. We ordered Cheeseman to submit her June and July rental payments, which had become due but Cheeseman had not paid, within seven days of our July 9, 2015 journal entry.

{¶ 10} Cheeseman did not submit her June and July rental payments to the clerk within the specified period. Consequently, on July 22, 2015, Rithy moved this court to lift the stay and allow it to execute on its writ of restitution. We granted that motion.

{¶ 11} On August 26, 2015, Rithy moved for dismissal of the instant appeal and sanctions against Cheeseman. In its motion, Rithy represented that the writ of restitution was executed and set-out completed on August 10, 2015. Rithy argued that when Cheeseman vacated the apartment, her appeal became moot, thus necessitating dismissal.

Rithy also requested that this court sanction Cheeseman by ordering her to pay Rithy's attorney fees and costs associated with the appeal. Cheeseman opposed the motions for dismissal and sanctions. We determined that we would decide Rithy's motions at the time we addressed the merits of Cheeseman's appeal.

{¶ 12} Cheeseman then filed her appellant's brief, in which she assigned the following error:

> The Trial Court erred in failing to transfer the case to the Franklin County Court of Common Pleas upon the filing of a counterclaim in excess of the Municipal Court's statutory jurisdiction.

Rithy filed an appellee's brief, and Cheeseman filed a reply brief. Both parties participated in oral argument.

{¶ 13} With briefing and oral argument now completed, we must rule on Rithy's motions. As we stated above, Rithy argues that we must dismiss this appeal because Cheeseman's eviction rendered it moot. We agree.

{¶ 14} Pursuant to the mootness doctrine, courts will not decide moot cases. *In re A.G.*, 139 Ohio St.3d 572, 2014-Ohio-2597, ¶ 37; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133 (1991). A case is moot if it " 'seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason cannot have any practical legal effect upon a then-existing controversy.' " *State ex rel. Cincinnati Enquirer v. Hunter*, 141 Ohio St.3d 419, 2014-Ohio-5457, ¶ 4, quoting *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). More succinctly, a case is moot when it involves no actual, genuine controversy, the decision of which can definitely affect existing legal relations. *Hunter* at ¶ 4; *In re L.W.* at ¶ 11. When a case becomes moot, dismissal of the case is appropriate because the case no longer presents a justiciable controversy. *Lund v. Portsmouth Local Air Agency*, 10th Dist. No. 14AP-60, 2014-Ohio-2741, ¶ 6.

{¶ 15} Actions for forcible entry and detainer become moot when the defendant vacates the property the plaintiff seeks restitution of. *Kimberly Office Park, LLC v. Williams*, 10th Dist. No. 15AP-579, 2015-Ohio-5002, ¶ 6; *Hussain v. Sheppard*, 10th Dist. No. 14AP-686, 2015-Ohio-657, ¶ 6-8; *Franklinton Senior, LLC v. Timson*, 10th Dist. No.

14AP-171, 2014-Ohio-3255, ¶ 6; *C & W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP-40, 2003-Ohio-4688, ¶ 9. An action for forcible entry and detainer serves as an expedited mechanism by which an aggrieved landlord may recover possession of real property. *Miehle v. Ribovich*, 90 Ohio St.3d 439, 441 (2000). A judgment on such an action determines the right to immediate possession of the real property and nothing else. *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25 (1981), fn. 11. If immediate possession is no longer at issue because the defendant vacates the premises and possession is restored to the plaintiff, then continuation of the forcible entry and detainer action or an appeal of such an action is unnecessary, as there is no further relief that may be granted. *Williams* at ¶ 6; *Hussain* at ¶ 6; *Timson* at ¶ 6; *C & W Invest. Co.* at ¶ 9.

{¶ 16} This appeal challenges the judgment of the municipal court that ordered the restitution of the apartment Cheeseman occupied to Rithy. Cheeseman contends that the municipal court lacked jurisdiction to enter such an order because, with the filing of her counterclaim, the damages sought in the case exceeded the municipal court's monetary jurisdiction, requiring certification of the entire case to the common pleas court. In response, Rithy argues that the municipal court could sever Rithy's action for forcible entry and detainer from the counterclaim and rule on just the action. This legal dispute, however, is now moot because Cheeseman has vacated the apartment. With the restoration of the apartment to Rithy, the controversy underlying the parties' legal dispute was resolved. In short, that controversy arose because Cheeseman wanted to stay in the apartment and Rithy wanted her out. When Rithy retook possession of the apartment, that controversy ended. Any ruling we might issue on the parties' legal dispute could not affect the now-existing situation.

{¶ 17} Cheeseman argues that this appeal is not moot because the municipal court failed to certify her counterclaim to the court of common pleas. However, there is no current legal dispute regarding the certification of her counterclaim. Rithy has never argued that the municipal court should maintain jurisdiction over the counterclaim. Rather, Rithy advocated bifurcation of the case, with the municipal court only retaining jurisdiction over the action for forcible entry and detainer. Rithy, therefore, has not opposed the certification of the counterclaim to the common pleas court.

{¶ 18} Moreover, the municipal court has not refused to certify the counterclaim to the common pleas court. True, the municipal court impliedly denied Cheeseman's motion to certify the entire case when it decided the action for forcible entry and detainer. However, that implicit denial has no bearing on how the municipal court may rule on a motion to certify the counterclaim alone. Cheeseman has never made such a motion, and, consequently, the municipal court has not denied Cheeseman that relief. Without a legal dispute regarding certification of the counterclaim and a lower court ruling resolving that dispute against Cheeseman, we do not have a justiciable issue regarding the counterclaim before us. *See Cristino v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-772, 2014-Ohio-1383, ¶ 22 ("For a cause to be justiciable, there must exist a real controversy presenting issues that are ripe for judicial resolution * * *.").

{¶ 19} The lack of both a current legal dispute and a lower court ruling regarding Cheeseman's counterclaim distinguishes this case from *Valente v. Johnson*, 4th Dist. No. 06CA31, 2007-Ohio-2664. Cheeseman relies on *Valente* to argue that this court may address her assignment of error as it relates to her counterclaim. In *Valente*, the Fourth District Court of Appeals reviewed the dismissal of the defendant's counterclaim, even though the mootness doctrine precluded the court from deciding whether the trial court erred in granting the plaintiff judgment on its action for forcible entry and detainer. With regard to the counterclaim, the *Valente* court had before it both a final judgment (i.e., dismissal) and a dispute over whether the trial court correctly decided legal issues in arriving at that judgment. Here, we have neither a judgment nor a legal dispute regarding the certification of Cheeseman's counterclaim. *Valente*, therefore, is not applicable to this case.

{¶ 20} Given the foregoing, we conclude that this appeal is moot. That conclusion, however, is not the end of our analysis because there are exceptions to the mootness doctrine that allow a court to decide a moot case. A court may decide a moot case when it raises: (1) an issue that is capable of repetition, yet evades review, or (2) a debatable constitutional question yet to be resolved or issues concerning a matter of great public or general interest. *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, at ¶ 12.

{¶ 21} Cheeseman does not assert that either of these exceptions apply to this appeal. Nevertheless, in order to conduct a complete analysis of the mootness question, we will address whether this appeal falls within the exceptions.

{¶ 22} The first exception "applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000). The procedures set forth in R.C. Chapter 1923 ensure that forcible entry and detainer actions proceed expeditiously in the trial court. However, R.C. 1923.14(A) stops, and even reverses, execution of a judgment of restitution so that a losing defendant may appeal that judgment. Pursuant to R.C. 1923.14(A):

> If an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order to the sheriff, police officer, constable, or bailiff commanding the delay of all further proceedings upon the execution. If the premises have been restored to the plaintiff, the sheriff, police officer, constable, or bailiff shall forthwith place the defendant in possession of them * * *.

{¶ 23} Because R.C. 1923.14(A) provides a defendant with the means to suspend the execution of a judgment of restitution, a forcible entry and detainer action is not too short in duration to be fully litigated through appeal. Moreover, the record contains no facts to allow us to find that Cheeseman will be subject to a forcible entry and detainer action again. Accordingly, we conclude that the first exception to the mootness doctrine does not apply to this case.

{¶ 24} The second exception to the mootness doctrine should be used with caution and only on rare occasions. *In re L.W.* at ¶ 13; *State ex rel. Lancaster School Dist. Support Assn. v. Lancaster City School Dist. Bd. of Edn.*, 10th Dist. No. 06AP-305, 2006-Ohio-5520, ¶ 17. Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state. *Althof v. Ohio State Bd. of Psychology*,

10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 83; *Lancaster School Dist. Support Assn.* at ¶ 17.

{¶ 25} Here, the issue is whether a municipal court or a court of common pleas has jurisdiction over a forcible entry and detainer action when the action is originally filed in the municipal court and the defendant asserts a counterclaim seeking damages in excess of the municipal court's monetary jurisdiction. Undoubtedly, this issue presents a matter of interest to landlords and tenants. We conclude, however, that the importance of the issue fails to meet the high threshold necessary to fit within the second exception to the mootness doctrine.

{¶ 26} As neither of the two exceptions to the mootness doctrine apply, dismissal of this appeal is appropriate. Accordingly, we grant Rithy's motion to dismiss.

{¶ 27} Next, we turn to Rithy's motion for sanctions. Pursuant to App.R. 23, if a court of appeals determines that an appeal is frivolous, it may require the appellant to pay the reasonable expenses of the appellee, including attorney fees and costs.

{¶ 28} Rithy contends that this appeal is frivolous because Cheeseman committed fraud in order to secure a stay of the municipal court's judgment. In an affidavit attached to her reply in support of her motion for a stay, Cheeseman testified that "I am willing and able to pay my usual monthly rent during the pendency of this appeal." (July 8, 2015 Affidavit of Gail Cheeseman, ¶ 12.) On July 9, 2015, we granted a stay conditioned on Cheeseman posting payment of her rent to the court clerk. Cheeseman then failed to deposit her June and July 2015 rental payments with the clerk.

{¶ 29} Based on this sequence of events, Rithy surmises that Cheeseman lied when she stated in her affidavit that she could pay her rent during the appeal. According to Rithy, but for this lie, it would not have had to seek dismissal of or defend this appeal.

{¶ 30} We do not share Rithy's interpretation of Cheeseman's affidavit testimony. Cheeseman explained the reasons behind her failure to post her rental payments in an affidavit attached to her memorandum in opposition to Rithy's motions for dismissal and sanctions. In relevant part, Cheeseman's second affidavit states:

> 4. I was unable to secure the funds to pay my rent into escrow due to the loss of my employment and my sister's hospitalization.

> 5. I attempted to obtain the funds from relatives, but was
> unsuccessful.
>
> 6. I attempted to obtain new employment, but was unable to
> do so in time to pay the rent into escrow.

(Sept. 4, 2015 Affidavit of Gail Cheeseman, ¶ 4-6.)  Based on the above statements, we conclude that Cheeseman did not lie in her July 8, 2015 affidavit.  We thus reject the alleged misrepresentation as a basis for awarding Rithy its attorney fees and costs.

{¶ 31} Rithy also states that a court may find an appeal to be frivolous when the issues raised are moot.  While we do not disagree with this statement, we do not find that the instant appeal is frivolous.  Accordingly, we deny Rithy's motion for sanctions.

{¶ 32} For the foregoing reasons, we grant Rithy's motion to dismiss this appeal, and we deny Rithy's motion for sanctions.

*Motion to dismiss granted;*
*motion for sanctions denied.*

HORTON, J., concurs.
BRUNNER, J., dissents.

BRUNNER, J., dissenting.

{¶ 1}  I respectfully dissent from the decision of the majority.  I would find that the municipal court erred in severing Rithy's forcible entry and detainer claims from Cheeseman's counterclaims for damages because Cheeseman's answer and counterclaim are sufficient to demonstrate that the issues in her counterclaims were so intertwined with the forcible entry and detainer claims that the municipal court should not have severed the two actions.  *Isaiah's Wings, LLC v. McCourt*, 5th Dist. No. 2005-CA-39, 2006-Ohio-3573, ¶ 12.

{¶ 2}  This was not a nonpayment of rent situation. *See Pemberton v. Woodford*, 12th Dist. No. CA2012-01-001, 2013-Ohio-214.  When Cheeseman, a long-term tenant of Rithy, requested in July 2014 remediation of a bed bug infestation of her apartment that occurred after another tenant moved in nearby, she continued to timely pay rent.  Rithy did not remediate the condition, but instead, nearly a year later, in June 2015 gave her notice of eviction.  Cheeseman answered the complaint with allegations of personal physical and property damages, alleging that her rent had been paid timely each month.

She further alleged that Rithy's nearly one-year failure to remediate the bed bug infestation of her leasehold premises was a prior breach of the lease contract and violated the warranty of habitability implied in all leases pursuant to R.C. 5321.04(A)(1). There was a clear relationship between the complaint and counterclaims of the two parties such that the municipal court should have found them to be intertwined and not able to be severed. *Isaiah's Wings.* This also is consistent with longstanding precedent held by our court in *Richwood Homes, Inc. v. Brown*, 3 Ohio App.3d 204, 205 (10th Dist.1981).

{¶ 3} In *Richwood Homes* the plaintiff filed an action for restitution of leased premises, a demand for past due rent and a claim for an undetermined amount of damages for breach of a purchase contract. The defendant filed an answer and counterclaim for specific performance on the purchase contract and damages that exceeded the jurisdiction of the municipal court. The municipal court conducted a trial solely on the forcible entry and detainer claim of the plaintiff and dismissed the defendant's counterclaim. The defendant appealed, asserting a lack of jurisdiction of the municipal court under R.C. 1932.02. We reversed the trial court, holding:

> [T]he municipal court has jurisdiction to hear a forcible entry and detainer action, pursuant to R.C. 1901.18(H). This case, however, involves several issues, which the court did not have jurisdiction to determine. These issues, which the court dismissed for lack of jurisdiction, are directly related to the claim on which the court heard the case.
>
> The court of common pleas also has jurisdiction to hear forcible entry and detainer actions. *Seventh Urban, Inc. v. University Circle*, (1981), 67 Ohio St.2d 19 [21 O.O.3d 12].[2] Further, unquestionably, the court of common pleas has jurisdiction over those matters which the municipal court dismissed. Therefore, since the common pleas court has jurisdiction to decide all matters in this action, it was error for the municipal court to decide only the forcible entry and detainer part of the case, rather than transferring the entire action to the common pleas court for a complete adjudication upon all issues.
>
> There is more involved than a forcible entry and detainer in this case. *Such a limited disposition would necessarily leave*

---

[2] Since *Seventh Urban, Inc.* was decided, R.C. 1901.011 was enacted creating the Cleveland Municipal Housing Court and the Franklin County Municipal Court, Environmental Division, but R.C. 1923 is specifically exempted in R.C. 1901.011 from the exclusive jurisdiction of the Franklin County Municipal Court, Environmental Division.

> *defendant with an inadequate remedy of moving out and then suing for title and damages.* Therefore, defendant's first assignment of error is sustained.

(Emphasis added.) *Richwood Homes* at 205. The majority has found Cheeseman's claims are moot because she was unable to pay an appeal bond and has vacated the premises. However, no appeal or related appeal bond would have occurred or been required *but for* the municipal court's wrongful assumption of jurisdiction by severing Rithy's claims from Cheeseman's counterclaims. The question of lack of subject matter jurisdiction can be raised at any time. *C & C Invest. v. Mackie*, 10th Dist. No. 87AP-183, 4 (Dec. 21, 1987). Because the very essence of Cheeseman's appeal centers on the *jurisdiction* of the municipal court to sever her counterclaims and allow the forcible entry and detainer claims to move forward, Cheeseman's claims on appeal are timely and not moot.

{¶ 4} While some case law does exist indicating a basis for severing a forcible entry and detainer claim for nonpayment of rent from a counterclaim for damages (*see e.g., Pemberton)*, this is not such a case. Under these circumstances, the municipal court was without jurisdiction to hear Rithy's forcible entry and detainer claims once Cheeseman's related counterclaims (that exceeded the jurisdiction of the municipal court) had been filed. *Isaiah's Wings; Richwood Homes.*

{¶ 5} Accordingly, I would reverse the decision of the municipal court and order the municipal court to transfer the entire case to the Franklin County Common Pleas Court. If the common pleas court determines that Rithy was not entitled to evict Cheeseman, the court may determine any damages arising therefrom separately from her counterclaims, even though she has vacated the subject premises.

---