[Cite as *B.D. v. D.G.*, 2025-Ohio-5599.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [B.D.], | : | |
| Petitioner-Appellant, | : | No. 25AP-427 |
| | | (C.P.C. No. 24DV-0673) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [D.G.], | : | |
| Respondent-Appellee. | : | |

D E C I S I O N

Rendered on December 16, 2025

**On brief**: *Lorie McCaughan* for appellant.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

EDELSTEIN, J.

{¶ 1} Petitioner-appellant, B.D., appeals from a decision and judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, denying her Civ.R. 60(B) motion for relief from judgment requesting the trial court unseal an ex parte civil protection order ("CPO") that B.D. had obtained against respondent-appellee, D.G. Additionally, B.D. appeals from a decision and judgment entry of the trial court denying her motion to unseal the record of the same ex parte CPO. D.G. did not file a brief in this action. For the following reasons, we dismiss the appeal.

**I. Facts and Procedural History**

{¶ 2} On April 4, 2024, B.D. filed a petition for a domestic violence CPO against D.G. In her petition, B.D. requested an ex parte CPO pursuant to R.C. 3113.31. The trial

court issued the ex parte CPO the same day and scheduled a full hearing on the matter for April 11, 2024.

{¶ 3} After several continuances, the trial court heard the matter on November 7, 2024. The trial court determined B.D. failed to demonstrate entitlement to a full CPO and denied her petition. In the November 8, 2024 entry denying the CPO, the trial court stated:

> Sealing of Record. If neither party appeals this denial of the Petition for a Civil Protection Order, this Court, the Clerk of Courts, and any public office or agency shall seal all records related solely to the Ex Parte Civil Protection Order granted in this matter, if any, after the expiration of 45 days from the file stamp date hereon. Should one or both parties file an appeal related to this Entry denying the request for a Civil Protection Order, this Court, the Clerk of Courts, and any public office or agency shall seal all records related solely to the Ex Parte Civil Protection Order granted in this matter, if any, after all appellate rights have been exhausted unless the matter is remanded for further hearing on the denial of the Petition for a Civil Protection Order.

(Nov. 8, 2024 Entry Denying Ex Parte Emergency Protection Order After Full Hearing.)

{¶ 4} Neither party appealed the November 8, 2024 entry denying B.D.'s petition for a CPO. However, on March 11, 2025, B.D. filed a Civ.R. 60(B) motion for relief from judgment requesting the trial court vacate its order sealing the records of the ex parte CPO. In her motion, B.D. argued she "require[d] access to the *ex parte* CPO and its proof of service for the limited purpose of enabling the State to prosecute [D.G.] for violating the *ex parte* CPO in a pending criminal case where [B.D.] is the alleged victim." (Mar. 11, 2025 Mot. for Relief from Jgmt. at 1.) B.D. stated that D.G. had been charged in Franklin County Municipal Court case No. 2024 CRB 15108 with one count of violating the ex parte CPO in violation of R.C. 2919.27(A)(1) ("the criminal case"). The alleged violation occurred while the ex parte CPO was still in effect and before the trial court conducted the full hearing on B.D.'s petition for a domestic violence CPO. Additionally, B.D. stated "[a] certified copy of the *ex parte* CPO is required to be admitted into evidence in the criminal proceeding in order to prove that [D.G.] violated the *ex parte* CPO." (Mar. 11, 2025 Mot. for Relief from Jgmt. at 3.) B.D. argued R.C. 3113.31(G) allows the unsealing of an ex parte CPO and that

denying her access to the ex parte CPO would violate Marsy's Law and the open courts provision of the Ohio Constitution.

{¶ 5} The trial court conducted an April 15, 2025 hearing on B.D.'s motion. At the hearing, B.D. reiterated she sought to unseal the ex parte CPO for the limited purpose of using it in D.G.'s criminal prosecution and that the criminal case could not proceed without the unsealed ex parte CPO. (Apr. 15, 2025 Tr. at 8-9.) In an April 24, 2025 decision and judgment entry, the trial court denied B.D.'s motion for relief from judgment. The trial court acknowledged B.D.'s statutory and constitutional arguments but did not reach the merits of those arguments. Instead, the trial court determined a Civ.R. 60(B) motion for relief from judgment was not the appropriate mechanism for relief and suggested B.D. "could have filed a Motion to Unseal the Record, which is more directly aligned with the relief requested." (Apr. 24, 2025 Decision and Jgmt. Entry at 8.) The trial court also noted B.D. did not file a timely appeal from the November 8, 2024 entry denying the CPO, and, thus, B.D. was not entitled to relief under Civ.R. 60(B)(5).

{¶ 6} Subsequently, on April 29, 2025, B.D. filed a motion to unseal the record. In her motion to unseal the record, B.D. again stated she "requires access to the record, including the ex parte CPO and its proof of service, for the limited purpose of enabling the State to prosecute [D.G.] for violating the *ex parte* CPO in a pending criminal case where [B.D.] is the alleged victim." (Apr. 29, 2025 Mot. to Unseal the Record at 1.) The trial court scheduled a hearing on B.D.'s motion to unseal the record for May 13, 2025.

{¶ 7} On May 12, 2025, one day prior to the scheduled hearing on the motion to unseal the record, the Franklin County Municipal Court dismissed the criminal case against D.G. (May 12, 2025 Dismissal Entry, Franklin M.C. No. 2024 CRB 15108.) The transcript from the criminal case indicates that on the scheduled trial date, the prosecutor asked for a continuance for additional time to obtain the sealed ex parte CPO. (May 12, 2025 Tr. at 2-4, Franklin M.C. No. 2024 CRB 15108.). The municipal court noted it had already granted the state a prior continuance to obtain the ex parte CPO and determined it would not grant another continuance. (May 12, 2025 Tr. at 5, Franklin M.C. No. 2024 CRB 15108.) Because the state indicated it could not proceed with the prosecution without the ex parte CPO, the trial court dismissed the criminal case. (May 12, 2025 Tr. at 5, Franklin M.C. No. 2024 CRB 15108.) The dismissal entry states the case was dismissed upon defense counsel's request,

and the case was dismissed "due to insufficient evidence." (May 12, 2025 Dismissal Entry, Franklin M.C. No. 2024 CRB 15108.)

{¶ 8} The next day, on May 13, 2025, the trial court conducted a hearing on B.D.'s motion to unseal the record. During the hearing, B.D. informed the trial court of the dismissal of the criminal case but argued the court should still grant the motion to unseal to give the state the option to refile the criminal charges. (May 13, 2025 Tr. at 3.) Counsel for D.G. noted the dismissal of the criminal case was a dismissal with prejudice based on insufficient evidence. (May 13, 2025 Tr. at 4.) Without a pending criminal prosecution, D.G. argued B.D.'s request to unseal the record for the limited purpose of enabling the state's prosecution was moot. (May 13, 2025 Tr. at 5.) In a May 21, 2025 decision and judgment entry, the trial court denied B.D.'s motion to unseal the record because "the purpose of [B.D.'s] Motion is moot." (Emphasis omitted.) (May 21, 2025 Decision and Jgmt. Entry at 4.) B.D. timely appeals both the April 24, 2025 decision and judgment entry and the May 21, 2025 decision and judgment entry.

## II. Assignments of Error

{¶ 9} B.D. raises the following four assignments of error for our review:

> [I.] The trial court erred in denying Appellant's Civ.R. 60(B) motion for relief from judgment and finding that Appellant was not entitled to relief under Civ.R. 60(B)(5).
>
> [II.] The trial court erred in finding that the case was moot.
>
> [III.] R.C. 3113.31(G)(2) is unconstitutional as applied to Appellant and similarly situated crime victims because it violates Article I, Section 10a of the Ohio Constitution.
>
> [IV.] R.C. 3113.31(G)(2) is unconstitutional because it violates the open courts provision of Article I, Section 16 of the Ohio Constitution.

## III. Discussion

{¶ 10} In her four assignments of error, B.D. raises arguments related to the trial court's denial of her requests to unseal the ex parte CPO both through her Civ.R. 60(B) motion for relief from judgment and her subsequent motion to unseal the record. Both of

B.D.'s trial court motions sought to unseal the ex parte CPO "for the limited purpose of enabling the State to prosecute [D.G.] for violating the *ex parte* CPO in a pending criminal case." (Mar. 11, 2025 Mot. for Relief from Jgmt.; Apr. 29, 2025 Mot. to Unseal the Record.) However, as B.D. acknowledges, the municipal court dismissed the criminal case against D.G. on May 12, 2025. Thus, before we address the merits of B.D.'s assignments of error, we sua sponte consider whether the dismissal of the criminal case against D.G. renders the appeal moot.

{¶ 11} Generally, courts will not resolve moot issues. *In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.). " 'The doctrine of mootness is rooted in the "case" or "controversy" language of Section 2, Article III of the United States Constitution and in the general notion of judicial restraint.' " *Bradley v. Ohio Dept. of Job & Family Servs.*, 2011-Ohio-1388, ¶ 11 (10th Dist.), quoting *James A. Keller, Inc. v. Flaherty*, 74 Ohio App.3d 788, 791 (10th Dist. 1991). " 'Actions or opinions are described as "moot" when they are or have become fictitious, colorable, hypothetical, academic or dead. The distinguishing characteristic of such issues is that they involve no actual genuine, live controversy, the decision of which can definitely affect existing legal relations.' " *Grove City v. Clark*, 2002-Ohio-4549, ¶ 11 (10th Dist.), quoting *Culver v. Warren*, 84 Ohio App.3d 373, 393 (11th Dist. 1948). *Accord State ex rel. Cincinnati Enquirer v. Hunter*, 2014-Ohio-5457, ¶ 4. "It is well-established law in Ohio that a court does not have jurisdiction over a moot question." *Croce v. Ohio State Univ.*, 2021-Ohio-2242, ¶ 16 (10th Dist.), citing *Bradley* at ¶ 11. *Accord James A. Keller, Inc.* at 791 ("a court cannot entertain jurisdiction over a moot question"); *State ex rel. White v. Koch*, 2002-Ohio-4848, ¶ 18 (noting the "well-settled precedent" that courts will "not indulge in advisory opinions"). Where an appeal is moot, we must dismiss the appeal for lack of jurisdiction. *Grandview Hts. v. B.S.H.*, 2023-Ohio-940, ¶ 21 (10th Dist.), citing *Croce* at ¶ 25 (dismissing the appeal for "lack of jurisdiction" because the case was moot); *Hussain v. Sheppard*, 2015-Ohio-657, ¶ 10 (10th Dist.) (dismissing the appeal as moot "sua sponte"); *M.R. v. Niesen*, 2022-Ohio-1130, ¶ 13.

{¶ 12} B.D. argues the state was entitled, under R.C. 3113.31(G)(2), to obtain the sealed ex parte CPO for use in the criminal prosecution of D.G. for allegedly violating the ex parte CPO. However, as B.D. acknowledges, the municipal court dismissed the criminal case against D.G. on May 12, 2025. Thus, the sole purpose underlying B.D.'s motions no

longer exists, and, as a result, there is no longer a live controversy for which an appeal could grant meaningful relief. *See Parris v. Chapman*, 2021-Ohio-3501, ¶ 17 (10th Dist.) (appeal from ruling temporarily lifting a no contact order is moot where, by the time of the appeal, the no contact order no longer existed, and reversal of the order temporarily lifting the no contact order would provide no meaningful relief). Because the "limited purpose" for which B.D. sought to unseal the ex parte CPO no longer exists, we conclude the questions presented by the appeal are moot.[1] *See M.B. v. Mettke*, 2022-Ohio-4166, ¶ 7 (10th Dist.) (appeal from a civil stalking protection order is moot where the order at issue expired by its own terms), citing *A.F. v. R.A.T.*, 2021-Ohio-2568, ¶ 7-8 (10th Dist.) (expiration of the CPO rendered an appeal from the CPO moot). *See also B.S.H.*, 2023-Ohio-940, at ¶ 11 (finding the appeal from trial court's denial of appellant's request to be present at the defendant's trial moot where double jeopardy protections prohibited retrial of the defendant, precluding any possible remedy for appellant's Marsy's Law claim).

{¶ 13} However, our analysis does not end with that conclusion as there exist limited exceptions to the mootness doctrine that permit a court to decide a moot case. *Rithy Properties v. Cheeseman*, 2016-Ohio-1602, ¶ 20 (10th Dist.). B.D. asserts the following three exceptions to the mootness doctrine apply to the present case: (1) the issue is capable of repetition yet evades review; (2) a debatable constitutional question remains to be resolved; and (3) the case involves a matter of great public or general interest.

{¶ 14} The capable-of-repetition doctrine " 'is an exception to the general rule against deciding moot issues that applies when (1) the challenged action is too short in duration to be fully litigated before its expiration, and (2) there is a reasonable expectation that the complaining party will be subjected to the same action in the future.' " *Delasoft, Inc. v. Ohio Dept. of Adm. Servs.*, 2022-Ohio-3403, ¶ 34 (10th Dist.), quoting *Munroe Falls v. Chief, Div. of Mineral Resources Mgt.*, 2010-Ohio-4439, ¶ 6 (10th Dist.). B.D. argues this issue is capable of repetition because the state could elect to refile the criminal charges

---

[1] We are mindful of the procedural posture of this case as ***B.D.'s*** appeal from the domestic court's denial of her two motions seeking to obtain the sealed ex parte CPO. This case does not involve the ***state's*** efforts to obtain the sealed ex parte CPO for prosecution of D.G., and it is unclear from this record what steps the state took to obtain these records. Our application of the mootness doctrine applies only to the appeal before us and should not be construed as taking a position on whether the state could have obtained the records pursuant to R.C. 3113.31(G) or some other method.

against D.G. We note, however, that B.D.'s argument relies on mere speculation, and there is nothing in the record indicating that the state plans to pursue a refiled criminal action against D.G. The second prong of the capable-of-repetition exception "requires more than a theoretical possibility that the action will arise again, as [t]here must exist a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." (Internal quotations omitted.) *B.S.H.* at ¶ 14, quoting *James A. Keller, Inc.*, 74 Ohio App.3d at 792, quoting *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). B.D. has not shown a reasonable expectation or demonstrated probability that the state will refile the criminal charges against D.G. ***and*** will do so without having first obtained the ex parte CPO for use in prosecution such that B.D. would need to file the same motion to unseal the CPO after pending criminal charges and their attendant speedy trial time limitations are underway. Additionally, even if the state is able and elects to refile the charges against D.G. after the municipal court's dismissal based on insufficient evidence, the state's ability to obtain the CPO does not evade review as any difficulty the state encounters in obtaining the CPO can be litigated in a refiled action. Accordingly, the capable-of-repetition exception to the mootness doctrine does not apply to this case.

{¶ 15} The next possible exception to the mootness doctrine—the existence of a debatable constitutional question for the court to resolve—permits a court to entertain an appeal even where the case is moot as to the particular parties. *B.S.H.* at ¶ 17, quoting *Franchise Developers, Inc. v. Cincinnati*, 30 Ohio St.3d 28, 31 (1987). The invocation of this exception to the mootness doctrine generally requires the debatable constitutional question be a central issue in the case. *See Smith v. Leis*, 2005-Ohio-5125, ¶ 15 (the case "present[ed] a properly debatable constitutional issue, i.e., whether Section 9, Article I of the Ohio Constitution, as amended, authorize[d] cash-only bail"); *CT Ohio Portsmouth, LLC v. Ohio Dept. of Medicaid*, 2020-Ohio-5091, ¶ 22 (10th Dist.) (the debatable constitutional exception to mootness applied where the trial court found the statute at issue "facially unconstitutional"). Here, although B.D. raised both Marsy's Law and open courts arguments in the trial court, the trial court did not reach those arguments. Instead, the pertinent issue was whether B.D. could seek to unseal the ex parte CPO for use in a criminal prosecution that no longer existed, and the very narrow facts and procedural posture of the case controlled its disposition. The case did not concern a broader debate regarding

Marsy's Law and the open courts provision of the Ohio Constitution. Thus, the case does not present a debatable constitutional question for this court to resolve. *B.S.H.* at ¶ 18 (the debatable constitutional question exception to the mootness doctrine does not apply where the case turned on the trial court's application of the facts of the case to the applicable law, not a broader debate about a victim's rights under Marsy's Law).

{¶ 16} Lastly, the exception to the mootness doctrine for matters of great public or general interest "should be used with caution and only on rare occasions." *Rithy Properties*, 2016-Ohio-1602, at ¶ 24 (10th Dist.). *See also Croce*, 2021-Ohio-2242, at ¶ 20 (10th Dist.). "Generally, the invocation of this exception remains the province of the highest court in the state, rather than the intermediate appellate courts, whose decisions do not have binding effect over the entire state." *Rithy Properties* at ¶ 24, citing *Althof v. Ohio State Bd. of Psychology*, 2007-Ohio-1010, ¶ 83 (10th Dist.). B.D. argues her appeal presents a question of great public concern given the sheer number of domestic violence CPOs issued each year and the corresponding number of criminal complaints for violating a CPO. However, as noted above, because the trial court denied B.D.'s attempts to unseal the ex parte CPO based on the very unique factual circumstances specific to this case, a ruling on the merits of B.D.'s appeal would impact only the parties to this case, not all petitioners for CPOs in Ohio. Therefore, this case does not meet the high threshold necessary to fit within the great public or general interest exception to the mootness doctrine. *B.S.H.* at ¶ 20; *Rithy Properties* at ¶ 25.

{¶ 17} Having determined the questions presented by B.D.'s appeal are moot and none of the exceptions to the mootness doctrine apply, we find dismissal of B.D.'s appeal is appropriate. *Rithy Properties* at ¶ 26; *B.S.H.* at ¶ 21. Accordingly, we dismiss the appeal.

## IV. Disposition

{¶ 18} Based on the foregoing reasons, the issues raised in this appeal are moot. Therefore, we sua sponte dismiss the appeal.

*Appeal dismissed.*

LELAND and DINGUS, JJ., concur.

———————————