OPINION *Page 2 
{¶ 1} On June 22, 1991, appellant, Christine Ryan, and appellee, Nicholas Ryan, were married. Two children were born as issue of the marriage, Alana Ryan born April 25, 1990 and Dalton Ryan born November 29, 1992. On July 11, 2005, appellant filed for divorce.
 {¶ 2} On December 23, 2005, the magistrate filed an order giving temporary custody of the children to appellee. Appellant filed a motion to vacate the order, but the trial court declined because it was only temporary. See, Judgment Entry filed March 27, 2006.
 {¶ 3} Hearings before a magistrate were held on April 14 and 17, 2006. By nunc pro tunc decision filed June 26, 2006, the magistrate recommended naming appellee as residential and legal custodian of the children, allocated child support, divided the parties' property, and found appellant committed financial misconduct. Both parties filed objections. By judgment entry filed March 1, 2007, the trial court adopted the magistrate's decision with slight modifications.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION TO VACATE THE MAGISTRATE'S TEMPORARY CUSTODY ORDER OF DECEMBER 23, 2005, WHICH ORDER TRANSFERRED CUSTODY OF TWO MINOR CHILDREN FROM APPELLANT TO APPELLEE, WHO WAS *Page 3 
CONVICTED OF FOUR DUI'S AND WAS IN JAIL BEFORE AND AFTER THE MAGISTRATE'S AWARD OF CUSTODY."
 II {¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN ITS FINAL JUDGMENT WHEN IT OVERRULED APPELLANT'S OBJECTIONS TO THE MAY 23, 2006, THE JUNE 8, 2006, AND THE MAGISTRATE'S NUNC PRO TUNC DECISION OF JUNE 26, 2006, AS IT RELATED TO THE CUSTODY OF THE MINOR CHILDREN AND THE CHILD SUPPORT ISSUES."
 III {¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION TO MAGISTRATE'S MAY 23, 2006, JUNE 8, 2006, AND JUNE 26, 2006 DECISION IN ITS MARCH 1, 2007 ENTRY, REGARDING APPELLANT'S MOTION (03/30/2006) TO EXCLUDE THE GAL'S BIASED AND PREJUDICIAL REPORT RELIED UPON BY THE MAGISTRATE TO CHANGE CUSTODY OF THE MINOR CHILDREN TO APPELLEE."
 IV {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S OBJECTION (FILED 052/26/2006) (SIC) TO THE MAGISTRATE'S DECISION OF MAY 23, 2006 AND JUNE 26, 2006, AND IN ITS ENTRY OF MARCH 1, 2007 IN REGARDS TO ROGER PERSHING BEING EXCLUDED FROM THE LIVES OF THE CHILDREN, ROGER PERSHING BEING THE NATURAL FATHER OF UNBORN CHILD OF APPELLANT." *Page 4 
 V {¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT APPELLANT HAD COMMITTED FINANCIAL MISCONDUCT AND IN AWARDING A DISTRIBUTIVE AWARD BY TAKING THE CHILDREN AS TAX EXEMPTIONS ON APPELLANT"S 2005 FEDERAL TAX RETURN."
 I {¶ 10} Appellant claims the trial court erred in denying her temporary custody of the children. We disagree.
 {¶ 11} As an interlocutory and preliminary order, the trial court's decision, although appealable after the final decision, is essentially moot at this time. The trial court's final decision superseded the temporary order. We can concur with appellant's logic in disagreeing with the temporary order because many times it appears to create a favorable position for the party who has custody. However, under current domestic relations law and child custody issues, the parties at each stage, whether preliminary or permanent, stand on equal footing with no presumption in favor of either.
 {¶ 12} Assignment of Error I is denied.
 II {¶ 13} Appellant claims the trial court erred in determining appellee should be the legal custodian and residential parent of the children. We disagree.
 {¶ 14} Child custody determinations lie in the trial court's sound discretion. Masters v. Masters, 69 Ohio St.3d 83, 1994-Ohio-483. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or *Page 5 
unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 15} R.C. 3109.04 governs the award of parental rights and responsibilities. In allocating parental rights and responsibilities, the trial court "shall take into account that which would be in the best interest of the children." R.C. 3109.04(B)(1). Subsection (F)(1) states the following:
 {¶ 16} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:
 {¶ 17} "(a) The wishes of the child's parents regarding the child's care;
 {¶ 18} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 {¶ 19} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 {¶ 20} "(d) The child's adjustment to the child's home, school, and community;
 {¶ 21} "(e) The mental and physical health of all persons involved in the situation;
 {¶ 22} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights; *Page 6 
 {¶ 23} "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 {¶ 24} "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 {¶ 25} "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court; *Page 7 
 {¶ 26} "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
 {¶ 27} Appellant argues the trial court erred in considering her association with Roger Pershing, and disregarded appellee's four DUIs and subsequent jail sentences, and his sporadic employment. In the nunc pro tunc decision filed June 26, 2006, (approved by the trial court), the magistrate found the following under "Findings of Fact":
 {¶ 28} "8. The Guardian ad Litem recommends that the children be placed in the legal custody of the Defendant. She has found that the paternal grandmother is a great asset to the family. She was so concerned about the children's emotional state in December 2005 that she felt that the only two appropriate choices were to place the children in foster care or with the Defendant. The Guardian ad Litem found that the Plaintiff was not and is not an appropriate placement option. The children want to remain in the Defendant's custody. The Guardian adLitem is especially worried about Dalton running away from home if he has to live with the Plaintiff. She is still concerned about the children's emotional state. She believes that the Plaintiff needs to engage in counseling with the children and Mr. Pershing before he is brought further into their lives.
 {¶ 29} "9. The Guardian ad Litem also reports that the children have thrived while in the Defendant's care. The children both have excellent school reports and the paternal grandmother was very capable of taking care of the children while the Defendant was incarcerated in February 2006.
 {¶ 30} "10. The Guardian ad Litem was fully aware that the Defendant had to serve a jail sentence in February 2006 for a 2002 drunk driving conviction and that the *Page 8 
Defendant had two other drunk driving convictions from the early 1990's. However, the Guardian ad Litem weighed those factors and still felt strongly that the children were better off in his care. Even the Plaintiff admitted in her testimony that the Defendant's arrests came as a result of him stopping for a few drinks at a bar on the way home from work. The Plaintiff was out drinking with the Defendant on the night of the 2002 arrest; however the Plaintiff was not with the Defendant at thetime of his arrest. There was no indication from anyone that the Defendant has ever drank in front of the children. (The underlined part reflects the trial court's modification.)
 {¶ 31} "11. Members of the Plaintiff's own family testified that they felt that both parties including the defendant were good parents."
 {¶ 32} We note the trial court and the magistrate interviewed the children in the presence of the guardian ad litem. T. at 17, 29. Appellee's current DUI sentence was specifically addressed by the trial court and although appellant takes great pain to pick apart the guardian ad litem and her report, it is undisputed the children are doing well in appellee's home and wish to stay there. Further, the children appear to have come to grips with appellee's jail time. T. at 40. The homes of each parent, although it might not be perfect, are essentially equal with each having its own draw backs. There was a concern that the eldest girl would become the "babysitter" for her new half-brother. T. at 33. It may very well bother the guardian ad litem, but it is generally a common occurrence in extended families. Of note is the continual and stabilizing presence of Grandma Ryan in appellee's home vis-à-vis the presence of appellant's new boyfriend who the children are not accustomed to. *Page 9 
 {¶ 33} In considering all of the evidence, we find the trial court did not err in allocating appellee as the residential/custodial parent.
 {¶ 34} Assignment of Error II is denied.
 III {¶ 35} Appellant claims the trial court erred in denying her motion to exclude the guardian ad litem's report as it was biased and prejudicial. We disagree.
 {¶ 36} The guardian ad litem was examined and cross-examined by the parties. T. at 16-42. After reviewing the report, we find the intensive cross-examination highlighted to the trial court the possible gaps and deficiencies in the report. Further, the objections raised in the motion to exclude the report were adequately addressed during cross-examination.
 {¶ 37} Assignment of Error III is denied.
 IV {¶ 38} Appellant claims the trial court erred in excluding visitation to appellee when Roger Pershing is around. We disagree.
 {¶ 39} Visitation determinations lie in the trial court's sound discretion. Booth v. Booth (1989), 44 Ohio St.3d 142;Blakemore.
 {¶ 40} In the nunc pro tunc decision filed June 26, 2006, (approved by the trial court), the magistrate found the following under "Recommendations":
 {¶ 41} "2. Pursuant to the factors enumerated in R.C. § 3109.04(F)et seq., Defendant should be named the Legal Custodian and primary residential parent of both children. The Plaintiff shall be entitled to the standard non-custodial parental companionship Order of this Court with the following modifications. *Page 10 
 {¶ 42} "(A) The Plaintiff should not introduce Roger Pershing further into the lives of her children until the children, the Plaintiff, and Mr. Pershing jointly attend family counseling and such contact is approved by the children's counselor(s)."
 {¶ 43} We find this was a conditional order and at the time of the oral argument, this precondition of counseling had been completed. We fail to find the condition was an abuse of discretion. The guardian ad litem and the magistrate each interviewed the children. We find the magistrate was in the best position to make this recommendation to the trial court.
 {¶ 44} Assignment of Error IV is denied.
 V {¶ 45} Appellant claims the trial court erred in finding she had committed financial misconduct. We agree.
 {¶ 46} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. CE. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 47} In the nunc pro tunc decision filed June 26, 2006, (approved by the trial court), the magistrate found the following under "Recommendations":
 {¶ 48} "4. Pursuant to R.C.§ 3105.171, the Court must equally and equitably divide the parties assets and debts. The Court finds that all the property owned by the parties is marital property with the exception of the boat and trailer the Defendant listed *Page 11 
on his financial affidavit. The Court finds that the dates of property acquisition were June 22, 1991, through April 17, 2006.
 {¶ 49} "5. The Court finds that the Plaintiff has committed financial misconduct in this case by filing an individual tax return and claiming both minor children, causing a financial disparity of Four Thousand Seven Hundred Seventy-Seven Dollars ($4,777.00) to the Plaintiff's benefit. The Court finds that the Plaintiff's actions also prevented the parties from receiving an earned income credit, as they had in previous years. The Plaintiff's actions also gave her a large lump sum payment while leaving the Defendant with a large tax burden that he is unable to pay at this time. Pursuant to R.C. § 3105.171(E)(3), this Court finds that the Plaintiff has therefore committed financial misconduct and make (sic) a distributive award to the Defendant from the Plaintiff of Five Thousand Dollars ($5,000.00).
 {¶ 50} "6. The sale of the Harley Davidson motorcycle was not financial misconduct on the part of the Defendant nor was it marital property at the time the Plaintiff filed her divorce."
 {¶ 51} Appellee concedes the Earned Income Tax Credit basis of the finding is incorrect. Appellee also points out during the temporary hearing, the trial court reserved its ruling on the right to claim the children. However, the matter was tried on April 14 and 17, 2006, with no decision until June, 2006. We are hard-pressed to determine the timely filing of the tax return constituted financial misconduct. It might be in contempt of the trial court's decision, but it was not misconduct given the fact that appellant had custody of the children from August 2, 2005 to December 23, 2005.
 {¶ 52} Assignment of Error V is granted. *Page 12 
 {¶ 53} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part.
 Farmer, P.J. Wise, J. and Delaney, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part and reversed in part. The matter is remanded to said court to amend the distributive award to reflect this court's opinion in Assignment of Error V. Costs to appellant. *Page 1