[Cite as *McMaster v. Brabazon*, 2015-Ohio-4052.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JANEANN W. McMASTER

      Plaintiff-Appellant

-vs-

STEVEN and MICHELLE BRABAZON

      Defendants-Appellees

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2015 CA 00017


O P I N I O N


CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2014 JCV 00242

JUDGMENT:      Dismissed

DATE OF JUDGMENT ENTRY:      September 29, 2015

APPEARANCES:

For Plaintiff-Appellant

JOHN JUERGENSEN
JOHN L. JUERGENSEN CO., LPA
6545 Market Avenue North
North Canton, Ohio 44721

For Defendants-Appellees

KENNETH J. CAHILL
DWORKEN & BERNSTEIN CO., LPA
60 South Park Place
Painesville, Ohio 44077

*Wise, J.*

{¶1}.  Appellant Janeann W. McMaster appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, dismissing her complaint for custody of her two nieces and a nephew. The relevant facts leading to this appeal are as follows.

{¶2}.  Appellees Steven and Michelle Brabazon are the parents of three children: K.B. (born in 1997), B.B. (born in 2005), and J.B. (born in 2006). Appellant Janeann McMaster is the paternal aunt of the children.

{¶3}.  On March 12, 2014, appellant filed a *pro se* motion/complaint in the Stark County Court of Common Pleas, Juvenile Division, seeking to be named the legal custodian of the three children.

{¶4}.  An initial hearing on the complaint took place before a magistrate on April 23, 2014. Appellees were not served and did not appear. The magistrate nonetheless issued an *ex parte* order granting temporary custody of all three children to appellant.

{¶5}.  On June 3, 2014, appellees, with the assistance of counsel, filed a motion to vacate the magistrate's order of temporary custody.

{¶6}.  On June 10, 2014, appellant, also with the assistance of counsel, filed a motion for an *in camera* interview of K.B., then age sixteen.

{¶7}.  Via judgment entry issued June 11, 2014, the trial court vacated the magistrate's *ex parte* temporary custody order and ordered appellant's custody complaint set for trial. The court also ordered the appointment of an Attorney Jacob T. Will as guardian *ad litem*. Mr. Will filed his final written recommendations on December 4, 2014.

{¶8}. After several continuances due to scheduling conflicts, the custody trial commenced on December 9, 2014, and was further heard on January 6, 2015.

{¶9}. Via judgment entry filed January 7, 2015, the trial court dismissed appellant's complaint and *sub silentio* denied appellant's motion for an *in camera* interview with the oldest child, K.B.

{¶10}. On January 30, 2015, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:

{¶11}. "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DENIED APPELLANT'S MOTION FOR AN *IN CAMERA* INTERVIEW OF ONE OF THE MINOR CHILDREN."

I.

{¶12}. In her sole Assignment of Error, appellant contends the trial court erred in denying her motion for an *in camera* interview of K.B. for purposes of appellant's custody action.

{¶13}. As appellant correctly recites, R.C. 2151.23(A)(2) states that "the juvenile court has exclusive original jurisdiction under the Revised Code *** to determine the custody of any child not a ward of another court of this state." Furthermore, R.C. 2151.23(F)(1) directs that a juvenile court shall exercise its jurisdiction in child custody matters in accordance with *inter alia* R.C. section 3109.04.

{¶14}. R.C. 3109.04(B)(1) in turn states as follows: "(B)(1) When making the allocation of the parental rights and responsibilities for the care of the children under this section in an original proceeding or in any proceeding for modification of a prior order of the court making the allocation, the court shall take into account that which would be in

the best interest of the children. *In determining the child's best interest* for purposes of making its allocation of the parental rights and responsibilities for the care of the child and for purposes of resolving any issues related to the making of that allocation, *the court, in its discretion, may and, upon the request of either party, shall interview in chambers any or all of the involved children regarding their wishes and concerns with respect to the allocation.*" (Emphases added).

{¶15}. In addition, in *In re Perales* (1977), 52 Ohio St.2d 89, 369 N.E.2d 1047, the Ohio Supreme Court addressed child custody proceedings between a parent and a nonparent, holding as follows at the syllabus: "In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability-that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child."

{¶16}. Thus, the issue before us is whether a movant in appellant's position, seeking a custody order against the children's parents, can demand an *in camera* interview by the court under R.C. 3109.04(B)(1), even prior to a showing of parental unfitness. By analogy, we note our holding in the realm of custody disputes *between* parents that a trial court does not err in requiring the movant to demonstrate a "change in circumstances" before permitting an *in camera* interview. *See Rice v. Rice,* 5th Dist. Delaware No. 10–CA–F–11–0091, 2011–Ohio–3099, ¶ 22-¶ 27.

{¶17}. However, our review of the pertinent information in the record before us indicates that K.B. recently turned eighteen years old, and the GAL report states that K.B., like her siblings, is in good physical and mental health. As it presently appears to this Court that K.B. is over the age of majority and is not under a legal disability, the issue of the denial of the *in camera* interview has become moot. *Accord Spine v. Spine,* 8th Dist. Cuyahoga No. 89122, 2008–Ohio–47, ¶ 12. As an appellate court, we are not required to issue an advisory or merely academic ruling. *See*, *e.g.*, *In re Merryman/Wilson Children,* Stark App.Nos. 2004 CA 00056 and 2004 CA 00071, 2004-Ohio-3174, ¶ 59, citing *State v. Bistricky* (1990), 66 Ohio App.3d 395, 584 N.E.2d 75.

{¶18}. We therefore will not reach the merits of appellant's Assignment of Error.

{¶19}. For the reasons stated in the foregoing opinion, the appeal of the decision of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby dismissed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0918