[Cite as *Barron v. Barron*, 2016-Ohio-4884.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| TONI BARRON (DOTSON) | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Appellant | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 15-CA-60 |
| RODNEY BARRON | : |  |
|  | : |  |
| Appellee | : | OPINION |

CHARACTER OF PROCEEDING:    Civil appeal from the Licking County Court of Common Pleas, Domestic Relations Division, Case No. 2005DR00235

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    July 6, 2016

APPEARANCES:

For Appellant          For Appellee

STEPHANIE DAILEY
Dailey Law Offices
5354 Cemetery Road
Hilliard, OH  43026

*Gwin, P.J.*

{¶1} Appellant appeals the July 27, 2015 judgment entry of the Licking County Common Pleas Court, Domestic Relations Division, granting Father's motion to transfer venue.

*Facts & Procedural History*

{¶2} Appellant/Mother Toni Dotson and Appellee/Father Rodney Barron filed a petition for dissolution in Licking County Common Pleas Court, Domestic Relations Division, on February 16, 2005. The parties are the parents of two children, K.B., born January 3, 1998, and C.B., born September 14, 2000. The decree of dissolution was issued on March 24, 2005. Subsequently, the parties filed numerous and frequent motions including: motions for contempt, motions to reallocate parental rights, and motions for restraining orders.

{¶3} On February 12, 2015, an agreed judgment entry and decree of parenting judgment entry was filed. In the agreed judgment entry, Mother was named sole custodian and residential parent of both children, with Father having visitation rights.

{¶4} On May 10, 2015, Mother and K.B. had an altercation. Mother filed an unruly child complaint in Madison County Court of Common Pleas, Juvenile Division, on May 11, 2015. Both Mother and K.B. resided in Madison County. On May 11, 2015, Father filed an ex parte civil protection order in Licking County Court of Common Pleas against Mother. The ex parte motion was denied, but a full hearing was set for May 22, 2015.

{¶5} Mother filed a motion to dismiss the civil protection order and/or transfer venue of the civil protection order from Licking County on May 15, 2015. Mother alleged

venue was not proper in Licking County pursuant to Civil Rule 3(B) because: Mother resides in Madison County, the transaction occurred in Madison County, K.B. resides and attends school in Madison County, and Father resides in Franklin County. The Licking County Court of Common Pleas ordered the civil protection order transferred to Franklin County.

{¶6} Father filed a motion for reallocation of parental rights and responsibilities on May 19, 2015 in Licking County. In the motion, Father sought full residential custody and requested the trial court change the allocation of parental rights and responsibilities as to K.B. only. Father's motion did not request custody or any change in the allocation of parental rights and responsibilities of C.B.

{¶7} In June of 2015, Mother filed an emergency motion for custody of the children. The magistrate denied the motion as moot because Mother was already named the sole legal custodian and residential parent.

{¶8} On July 10, 2015, Father filed a motion for change of venue for his motion for reallocation of parental rights and responsibilities, seeking to transfer the case from Licking County to Franklin County. The basis for Father's motion was that: Mother lives in Madison County; Father lives in Franklin County; Mother filed to have the civil protection order transferred due to improper venue; and Franklin County has the civil protection order case pursuant to Mother's request to transfer venue.

{¶9} Mother filed a memorandum contra to Father's motion to change venue on July 27, 2015. On July 27, 2015, the trial court entered a judgment entry granting Father's motion change venue to Franklin County. The trial court found neither Mother nor Father has resided in Licking County for more than six (6) months prior to the motion. Further,

that K.B. resides with Father pursuant to the civil protection order. Finally, the trial court found the civil protection order action had already been transferred to Franklin County.

{¶10} The trial court denied Mother's motion to stay the order of transfer pending appeal on August 24, 2015. In that entry, the trial court indicated it issued the order granting the motion on July 27, 2015 prior to receiving Mother's objection to the motion that was filed seventeen days after the motion was filed.

{¶11} Mother appeals the July 27, 2015 judgment entry of the Licking County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN TRANSFERRING VENUE."

{¶13} Mother argues the trial court erred in transferring the motion for allocation of parental rights and responsibilities to Franklin County because transfer for judicial economy and for the benefit of the parties involved is not permitted.

{¶14} A review of the record below, however, reveals Mother failed to timely object to the motion for transfer of venue. The motion was filed on July 10, 2015. Licking County Common Pleas Court, Domestic Relations Division Local Rule 5.1 provides, "in all cases where a response or reply is required and time for filing in not fixed by a specific local rule, statute or the Ohio Rules of Civil Procedure, the filing must be made on or before the 14th calendar day after the filing date of the opposing party's document * * *." Accordingly, a timely objection to the motion to transfer was due on July 24, 2015.

{¶15} Mother did not file her memorandum in opposition to the motion until July 27, 2015 and, as noted by the trial court in its August 24, 2015 entry denying stay, the trial court issued its judgment entry prior to receiving Mother's untimely objection. While Mother argues the trial court improperly ruled on the motion without considering her

response because service was actually submitted via U.S. mail and she is entitled to an extra three days for mailing pursuant to Civil Rule 6(D), the record does not show counsel for Mother was served via U.S. mail, but rather the certificate of service indicates counsel for Mother was served by service through the Clerk of Courts office. Any objection by Mother as to the method or validity of service is a factual determination for the trial court and Mother did not raise this issue in her response to Father's motion or at the trial court level subsequent to her response to Father's motion. Additionally, Local Rule 5.1 requires the response to be filed "on or before the 14th calendar day after the *filing date* of the opposing party's document," (emphasis added), not within 14 days of service of the motion, as contemplated by Civil Rule 6(D), which applies when a party has the right or is required to take some act within a prescribed period after the service of the document.

{¶16} It is well established that a party cannot raise any new issues or legal theories for the first time on appeal. *Hart v. Clemens*, 5th Dist. Morgan No. CA 95-6, 1995 WL 776050 (Dec. 26, 1995), citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977). In this case, Mother failed to file her objections in a timely manner such that the trial court could have corrected or avoided any potential error. The failure to raise her objections to the motion to transfer before the trial court operates as a waiver of Mother's right to assert such issues for the first time on appeal. *Snyder v. Snyder*, 5th Dist. Richland No. 2006 CA 0022, 2006-Ohio-4795; see *Werdern v. The Children's Hospital Med. Ctr.*, 1st Dist. Hamilton No. C-040889, 2006-Ohio-4600 (holding that if a party fails to assert in a timely manner the impropriety of any procedural irregularities associated with the transfer of a case, the party waives the issue for appeal). As we have previously noted, the question of venue is procedural, does not decide a party's claims, and the

issue of transfer is one of venue, not jurisdiction. *Guay v. Lloyd Ward, P.C.*, 5th Dist. Fairfield No. 13 CA 42, 2014-Ohio-190; *In re Austin L.*, 5th Dist. Licking No. 2009-CA-00101, 2010-Ohio-272. Mother waived her right to challenge the transfer of the motion to Franklin County when she failed to timely oppose the motion requesting such transfer. See *Flesher v. U-Haul Co. of Ohio*, 10th Dist. Franklin No. 95APE11-1420, 1996 WL 362034 (June 28, 1996).

{¶17} Further, though the issue was not raised by the parties, it appears that the issue of transfer and venue as to the motion for reallocation of parental rights as to K.B. may be moot as K.B. turned eighteen (18) years old during the pendency of this appeal. See *McMaster v. Brabazon*, 5th Dist. Stark No. 2015CA00017, 2015-Ohio-4052; *Galluzzo v. Galluzzo*, 2nd Dist. Champaign No. 71847, 1998 WL 183860 (April 16, 1998); *Nemeth v. Nemeth*, 11th Dist. Geauga Nos. 2007-G-2791, 2008-Ohio-3263.

{¶18}  Based on the foregoing, Mother's assignment of error is overruled.  The July 27, 2015 judgment entry of the Licking County Common Pleas Court, Domestic Relations Division, is affirmed.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur