[Cite as *C.T.F. v. A.B.M.*, 2024-Ohio-1998.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| [C.T.F.], | : | |
| Plaintiff-Appellee, | : | No. 23AP-574 |
| | | (C.P.C. No. 23JU-2170) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| [A.B.M], | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 23, 2024

**On brief:** *Cooke Demers, LLC*, and *John P. Johnson II* for appellee. **Argued**: *John P. Johnson II.*

**On brief:** *Kane Law Officers, LLC*, and *Travis Kane* for appellant. **Argued**: *Travis Kane.*

APPEAL from the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch

EDELSTEIN, J.

{¶ 1} Defendant-appellant, A.B.M. (hereinafter "mother"), appeals from the juvenile court's August 31, 2023 order issuing a warrant for law enforcement to take physical custody of the parties' minor child, A.W.M-F., from mother, pursuant to R.C. 3127.41. Because plaintiff-appellee, C.T.F. (hereinafter "father"), admits he did not comply with the statute's procedural requirements for such warrant to issue, we conclude it was issued in error.

{¶ 2} Mother also appeals from the juvenile court's September 22, 2023 entry dismissing her August 18, 2023 objection to the magistrate's May 4, 2023 ex parte emergency temporary order granting father legal custody of the minor child pending a hearing on father's parentage and child custody complaint. Because the magistrate's

temporary order was not a final, appealable order and has since been superseded by the juvenile court's issuance of a final decision on custody, we decline to reach the merits of mother's contention that the trial court dismissal of mother's objection to that order is not subject to appellate review under R.C. 2505.02(B).

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} The parties are the biological parents of minor child, A.W.M-F. On February 23, 2023, father filed a complaint to establish parentage and custody of the minor child. Father made several attempts to serve mother with his complaint, but mother refused to provide father and father's counsel with her location so that she could be served.

{¶ 4} On May 4, 2023, father appeared for an ex parte hearing before the magistrate on his motion for emergency custody. Neither mother nor mother's counsel was present due to failure of service. At that hearing, father provided testimony on issues related to the best interest of the minor child, including that mother had absconded with A.W.M-F.—who was, at that time, almost six months old—on January 30, 2023. (*See* Sept. 22, 2023 Contempt Order at ¶ 5.) Father also testified he had been unable to locate mother and the minor child since that date. (*See id.*) Of note, a transcript of this hearing has not been prepared and filed, and thus is not in the record before us.

{¶ 5} Based on the testimony provided by father at the May 4, 2023 ex parte hearing, the magistrate found it was in the best interest of the parties' minor child that father be designated as the temporary residential parent and legal custodian of A.W.M-F. pending a hearing on father's complaint, pursuant to Juv.R. 13, on May 4, 2023 (hereinafter the "temporary order"). (*See* Sept. 22, 2023 Contempt Order at ¶ 5.) Mother was granted parenting "as the parties can agree" in that same temporary order.

{¶ 6} Notice of the magistrate's temporary order, as well as notice of the next hearing date of July 17, 2023, was sent by the court to mother's last known address, pursuant to Juv.R. 13(E). Father perfected service by publication upon mother on June 8, 2023. Mother learned of the juvenile court proceedings in mid-June 2023 after she was criminally charged with interference with custody, in violation of R.C. 2919.23(A)(1), in

Franklin County Municipal Court case No. 2023 CRB 9662[1] and retained counsel. (*See* Sept. 22, 2023 Contempt Order at ¶ 7-8; June 22, 2023 Notice of Appearance.) Accordingly, mother's counsel entered an appearance in the juvenile case on June 22, 2023 and filed an emergency custody motion on June 27, 2023.

{¶ 7} On July 17, 2023, both parties and their counsel appeared for a two-day hearing on mother's emergency custody motion. Notwithstanding the magistrate's May 4, 2023 temporary order designating father as the temporary residential parent and legal custodian or the child, mother did not bring A.W.M-F. to that hearing and refused to disclose his whereabouts. (*See* Sept. 22, 2023 Contempt Order at ¶ 10-11.) Nor did she provide any evidence to verify the minor child—then 11 months old—was still alive. (*See* Aug. 31, 2023 Tr. at 7; Sept. 22, 2023 Contempt Order at ¶ 10.)

{¶ 8} During the second day of proceedings, mother learned the magistrate intended to deny her motion and require her to return A.W.M-F. to father later that day. (*See* Sept. 22, 2023 Contempt Order at ¶ 12; July 25, 2023 Mot. to Withdraw at ¶ 6.) During a recess—and prior to the conclusion of that proceeding—mother went into the courthouse restroom, threw away the clothes she had worn to court, changed into different clothing, put on a wig and face mask, and left the courthouse. (*See* Sept. 22, 2023 Contempt Order at ¶ 12; Aug. 31, 2023 Tr. at 9-10.) Mother refused to return to court on the advice of her counsel, who consequently withdrew from representation shortly thereafter. (*See* July 25, 2023 Mot. to Withdraw at ¶ 6; Sept. 22, 2023 Contempt Order at ¶ 12.)

{¶ 9} A week before the July 17, 2023 hearing, father had filed a contempt motion, citing mother's continued failure to comply with the magistrate's May 4, 2023 temporary orders. (*See* July 10, 2023 Mot. for Contempt.) After mother absconded from the July 17th hearing in disguise, father filed another contempt motion and requested an immediate conference with the court on July 19, 2023. (*See* July 25, 2023 Mot. to Withdraw at ¶ 6.) However, that contempt motion was not docketed in the juvenile court, and thus, is not in the record before us. In any event, a hearing on father's contempt motions and underlying complaint was scheduled for August 14, 2023. (*See* July 19, 2023 Mag.'s Order.) Mother

---

[1] Anticipating the matter would be resolved by the juvenile court at the July 17, 2023 hearing, the assistant prosecuting attorney dismissed this case that day. However, after mother absconded during the second day of the hearing, the City charged mother with interference with custody on July 19, 2023 under Franklin County Municipal Court case Nos. 2023 CRB 11664 and 2023 CRB 11677.

was ordered to bring the minor child to that hearing if he had not been returned to father by that date. (*See* July 19, 2023 Mag.'s Order.)

{¶ 10} Although mother's newly retained counsel appeared at the August 14, 2023 hearing, mother did not show and failed to produce the child as ordered. (Aug. 16, 2023 Mag.'s Order. *See also* Sept. 22, 2023 Contempt Order at ¶ 17.) And, the whereabouts of mother and the minor child remained unknown. (*See* Aug. 16, 2023 Mag.'s Order.) The magistrate ordered mother to relinquish the minor child to father forthwith and to immediately notify the clerk of the address where she and the minor child were residing. (*See* Aug. 16, 2023 Mag.'s Order.) A hearing on father's complaint, father's contempt motions, and other remaining matters was scheduled for September 14, 2023.

{¶ 11} In the meantime, on August 18, 2023, mother moved for leave to untimely file an objection to the magistrate's May 4, 2023 temporary order, citing non-service of father's complaint and notice of the May 4, 2023 hearing.

{¶ 12} Additionally, on August 31, 2023, counsel for both parties and father appeared for a hearing on father's petition for a warrant to take physical custody of the minor child under R.C. 3127.41. (*See* Sept. 22, 2023 Contempt Order at ¶ 18.) On appeal, father acknowledges his petition was presented to the juvenile court—but not filed with the clerk—and stipulates he failed to file a verified application in support thereof, as required by R.C. 3127.41 and 3127.38. (Brief of Appellee at 12, 18.) Nonetheless, following father's testimony describing the extensive efforts he had taken to locate the minor child and mother and in light of mother's continued refusal to return the child or even produce any proof of life evidence, the juvenile court issued the requested warrant to take physical possession. (*See* Sept. 22, 2023 Contempt Order at ¶ 18.) This August 31, 2023 order is the subject of mother's first assignment of error.

{¶ 13} Notwithstanding mother's awareness of the magistrate's May 4, 2023 temporary order by at least mid-June, the juvenile court granted mother leave to file an objection to the magistrate's order outside of time on September 7, 2023. In the form objection attached to mother's August 18, 2023 motion for leave, mother represented that "[a] transcript of the trial is contemporaneously being requested" and also sought leave from the juvenile court to supplement her objection within 30 days after that transcript was filed. (Aug. 18, 2023 Obj. to the Mag.'s Order.)

{¶ 14} On September 7, 2023, the juvenile court scheduled a hearing on mother's objection for September 14, 2023, ordered mother to appear with the minor child, and notified the parties of potential consequences for failing to appear at that hearing. (Sept. 7, 2023 Decision and Jgmt. Entry. *See also* Sept. 22, 2023 Contempt Order at ¶ 19.) In that order, the juvenile court did not address mother's request for leave to supplement her objection after the transcript of the May 4, 2023 ex parte hearing was filed. In any event, we note that, contrary to mother's representation in her August 18, 2023 form objection, no request for the May 4, 2023 transcript—much less, the transcript itself—was ever filed in the juvenile case below. (*See* Aug. 18, 2023 Obj. to Mag.'s Order.) As such, we find no merit to mother's repeated contention that she "contemporaneously" requested a transcript of the May 4, 2023 hearing when she filed her form objection to the magistrate's temporary order on August 18, 2023. (*See* Brief of Appellant at 9; Sept. 14, 2023 Tr. at 11-12.)

{¶ 15} In fact, pleadings filed by mother's counsel in the case below ***after*** this appeal was initiated actually undermine mother's representation that the transcript of the May 4, 2023 hearing was requested. (*See* Aug. 18, 2023 Obj. to Mag.'s Order.) While this appeal was pending, the matter proceeded to trial on father's complaint and motion for contempt on November 15, 2023 in the juvenile court. After a final disposition on custody was rendered on December 15, 2023 by the juvenile magistrate, mother filed the same form objection stating "[a] transcript of the [November 15, 2023] trial is contemporaneously being requested" on December 28, 2023. *Id.* But, unlike when she filed her form objection in August, a request for the transcript ***was*** actually filed contemporaneous with mother's December objection.

{¶ 16} In any event, counsel for both parties and father appeared for the scheduled September 14, 2023 hearing on mother's objection to the magistrate's May 4, 2023 temporary order. (*See* Sept. 22, 2023 Contempt Order at ¶ 20.) Although mother and her counsel received notice of the hearing and the juvenile court's mandate that mother appear with the minor child, mother did not appear in court and refused to appear via video conferencing. (*See* Sept. 14, 2023 Trial Court Tr. at 2-3, 6, 9-13; Sept. 22, 2023 Contempt Order at ¶ 21.) For this reason, at the September 14th hearing, the juvenile court pronounced from the bench its finding of contempt against mother and its decision to dismiss mother's objection for failure to appear and prosecute at the hearing and because

she was in contempt of the September 7, 2023 order requiring her presence in court with the minor child. (*See* Sept. 14, 2023 Trial Court Tr. at 8, 13-14.) The juvenile court memorialized its ruling dismissing mother's objection to the magistrate's May 4, 2023 temporary order in its September 22, 2023 dismissal entry, which is the subject of mother's second assignment of error. The juvenile court also separately entered a contempt order against mother that same day.

{¶ 17} Mother timely appealed from the juvenile court's August 31, 2023 order issuing the warrant to take physical custody of the minor child and the September 22, 2023 entry dismissing her objection to the magistrate's May 4, 2023 temporary order. She now raises the following two assignments of error for our review:

> [I.] THE TRIAL COURT ERRED BY GRANTING [FATHER'S] REQUEST FOR A WARRANT TO TAKE PHYSICAL CUSTODY OF THE CHILD PURSUANT TO R.C. 3127.41.
>
> [II.] THE TRIAL COURT ERRED BY DISMISSING [MOTHER'S] OBJECTION FOR FAILURE TO PROSECUTE.

## II. ANALYSIS

### A. First Assignment of Error

{¶ 18} In her first assignment of error, mother contends the trial court erred in granting father's request for a warrant to take physical custody of the minor child because father failed to file a petition and verified application in accordance with R.C. 3127.41 and 3127.38. On appeal, father concedes procedural error, and, on review, we agree.

{¶ 19} R.C. 3127.38(A) provides that a petition for enforcement of a child custody determination "must be verified" by the petitioner. Regarding the issuance of a warrant to take physical custody of a minor child, R.C. 3127.41(A) states that "[u]pon the ***filing*** of a petition seeking enforcement of a child custody determination, the petitioner may file a verified application for the issuance of a warrant to take physical custody of the child if the child is imminently likely to suffer serious physical harm or be removed from this state." (Emphasis added.)

{¶ 20} On appeal, father acknowledges that although he presented the juvenile court with his application for warrant at the August 31, 2023 hearing, he never filed with the juvenile court clerk a verified petition seeking enforcement of a child custody

determination, in accordance with R.C. 3127.38, or a verified application for the issuance of a warrant to take physical custody of a child, in accordance with R.C. 3127.41. (*See* Brief of Appellee at 12, 18.) Despite this procedural defect, the juvenile court conducted a hearing on father's application and issued a warrant to take physical custody of the minor child on August 31, 2023.

{¶ 21} We note that mother's counsel did not make any insufficient process arguments during the August 31, 2023 hearing on father's petition for a warrant to take custody of the minor child or when the juvenile court announced from the bench its decision to grant father's request at the conclusion of that hearing. Nonetheless, because father plainly failed to comply with the process necessary for the August 31, 2023 warrant to issue under the controlling statutes—and concedes error on appeal—we sustain mother's first assignment of error. We note this opinion does not preclude a future filing by father for a warrant to take physical custody of the minor child, so long as it complies with relevant Revised Code provisions.

### B. Second Assignment of Error

{¶ 22} In her second assignment of error, mother argues the juvenile court erred in dismissing her objection to the magistrate's May 4, 2023 temporary order designating father as the temporary residential parent and legal custodian pending a full hearing on father's parentage and custody complaint. Mother contends it was improper for the trial court to dismiss her objection due to mother's failure to timely prosecute and failure to appear at the scheduled September 14, 2023 hearing on her objection. But fatal to mother's substantive arguments is our determination that, contrary to mother's contention otherwise, the September 22, 2023 dismissal of mother's objection to the magistrate's ex parte temporary order is not a final, appealable order under R.C. 2505.02(B)(2).

{¶ 23} Our appellate jurisdiction is limited to reviewing judgments and final orders. *See* Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.03(A). Civ.R. 54(A) defines "judgment" as "a written entry ordering or declining to order a form of relief, signed by a judge, and journalized on the docket of the court." In relevant part, R.C. 2505.02(B) defines a "final order" as "[a]n order that affects a substantial right in an action which in effect determines the action and prevents a judgment; [or] [a]n order that affects a substantial right made in a special proceeding." R.C. 2505.02(B)(1); R.C. 2505.02(B)(2).

{¶ 24} Juvenile court proceedings are special statutory proceedings. *State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 360 (1994); *In re Adams*, 115 Ohio St.3d 86, 2007-Ohio-4840, ¶ 43. Thus, we must determine whether a temporary order designating one parent as the residential parent and legal custodian of a minor child affects a "substantial right."

{¶ 25} R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." "An order that affects a substantial right is generally one that 'if not immediately appealable, would foreclose appropriate relief in the future.' " *In re L.A.*, 1st Dist. No. C-130701, 2014-Ohio-894, ¶ 4, quoting *Adams* at ¶ 44, quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 26} It is well-established that the right to raise one's children is an "essential" and "basic civil right[]." *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923). Indeed, parents have a "fundamental liberty interest" in the care, custody, and management of the child. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). Further, it has been deemed "cardinal" that the custody, care, and nurture of the child reside, first, in the parents. *H.L. v. Matheson*, 450 U.S. 398, 410 (1981); *Quilloin v. Walcott*, 434 U.S. 246, 255 (1978); *Stanley* at 651; *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944). The Supreme Court of Ohio has long recognized that parental custody of a child is an important legal right protected by law and, thus, comes within the purview of a "substantial right" for purposes of applying R.C. 2505.02. *See, e.g.*, *In re Murray*, 52 Ohio St.3d 155, 157 (1990).

{¶ 27} We note, however, that this is not a case involving the granting of temporary or permanent custody to a children services agency, but is instead an interim designation of father as the temporary residential parent and legal custodian of the minor child pending a hearing on father's parentage and custody complaint. (*See* May 4, 2023 Mag.'s Order.)

{¶ 28} Significantly, legal custody does not divest parents of all their rights and either parent may petition the court in the future for a modification of custody. *In re C.R.*, 108 Ohio St.3d 369, 2006-Ohio-1191, ¶ 17. It follows, then, that a temporary order granting legal custody to one parent ***pending a hearing on a complaint*** does not permanently foreclose the other parent's right or ability to regain custody. For this reason, we cannot

agree that the magistrate's ex parte temporary order granting legal custody to father pending a hearing and judicial determination on his parentage and child custody complaint, pursuant to Juv.R. 13, affected a "substantial right" as that phrase is used in R.C. 2505.02.

{¶ 29} To be sure, Juv.R. 13(B)(1) provides that "[p]ending hearing on a complaint, the judge or magistrate may issue temporary orders with respect to the relations and conduct of other persons toward a child who is the subject of the complaint as the child's interest and welfare may require." And, Juv.R. 13(D) further provides that such orders can be summarily addressed, without notice to all parties, "where it appears to the court that the interest and welfare of the child require that action be taken immediately." The ex parte emergency temporary order issued under Juv.R. 13(B)(1) and Juv.R. 13(D) by the magistrate in this case only gave father an ***interim*** right to legal custody of the child until a full hearing on father's complaint was held and a judicial determination on that complaint was made.

{¶ 30} It is well-established that a pre-adjudicatory, interim emergency order awarding temporary legal custody is not a final, appealable order under R.C. 2505.02. *See, e.g., Parris v. Chapman*, 10th Dist. No. 20AP-559, 2021-Ohio-3501, ¶ 13 ("An order ruling on the temporary allocation of custody between parents is an interlocutory order, not a final, appealable order."); *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 146 (1994) (noting that "[father] is correct that he possesses no immediate appeal from any preadjudicatory emergency temporary custody order"). *See also In re Surdel*, 9th Dist. No. 98CA007172, 1999 Ohio App. LEXIS 2164, *6 (May 12, 1999) ("Temporary custody issued pursuant to Juv.R. 13 * * * is not a dispositional order under Juv.R. 34, and as such is not a final appealable order.").

{¶ 31} These cases confirm that mother could not have appealed from the magistrate's pre-adjudicatory order granting father temporary custody of the minor child. Indeed, mother's counsel conceded as much at oral argument in this case. If mother could not have appealed from the issuance of such an order, it stands to reason that mother likewise cannot appeal from the juvenile court's ***dismissal*** of her objection to the magistrate's pre-adjudicatory temporary order.

{¶ 32} To be sure, the juvenile court's docket in the case below shows that, after mother commenced this appeal, father's parentage and child custody complaint proceeded to trial on November 15, 2023. And, on December 15, 2023, the magistrate issued a decision granting father's complaint and designating father as the sole residential parent and legal custodian of the minor child. Mother subsequently filed her objections to that decision, which remain pending before the juvenile court today. To the extent that mother or father disagrees with the juvenile court's disposition of mother's pending objections to the magistrate's December 15, 2023 decision (which was formally adopted by the juvenile court), an appeal from that forthcoming judgment would be appropriate.

{¶ 33} In challenging the propriety of the juvenile court's September 22, 2023 dismissal of her objection to the magistrate's temporary order, mother's second assignment of error ultimately pertains to an error that occurred ***prior*** to the final custody trial and judicial determination on father's complaint that has since been entered in the case below. Thus, even assuming the magistrate's May 4, 2023 ex parte temporary order was a final, appealable order ***and*** we agreed the trial court erred—for whatever reason—in dismissing mother's objection to the magistrate's temporary order on September 22, 2023, that temporary order has now been superseded by the juvenile court's December 15, 2023 final determination of custody. *See, e.g.*, *Parris*, 2021-Ohio-3501 at ¶ 15-18; *Barry v. Rolfe*, 8th Dist. No 88459, 2008-Ohio-3131, ¶ 39-40; *Ryan v. Ryan*, 5th Dist. No. 2007AP030024, 2007-Ohio-6568, ¶ 11 (recognizing a juvenile court's final decision on custody superseded the temporary order, thereby rendering the temporary decision moot).

{¶ 34} As a general matter, we do not decide moot appeals. *Parris* at ¶ 16, citing *Rithy Properties, Inc. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, ¶ 14. "Moot appeals involve no actual genuine live controversy, the decision of which can definitely affect existing legal relations." *Id.*, citing *In re L.W.*, 168 Ohio App.3d 613, 2006-Ohio-644, ¶ 11 (10th Dist.). As such, an appeal is rendered moot when, even if a reviewing court were to rule in favor of the party seeking relief, it is impossible for the court to grant meaningful relief. *Id.*, citing *Dublin v. Friedman*, 10th Dist. No. 16AP-516, 2017-Ohio-9127, ¶ 21.

{¶ 35} It is axiomatic that, when an issue raised on appeal is moot, we need not address its merits because a justiciable controversy no longer exists. *Parris* at ¶ 16, citing

*Cheeseman* at ¶ 14. Further, as an appellate court, we are not required to issue an advisory or merely academic ruling. *See, e.g., VanMeter v. VanMeter*, 10th Dist. No. 03AP-1107, 2004-Ohio-3390, ¶ 5; *Linder v. Ohio Dept. of Aging*, 1st Dist. No. C-210247, 2022-Ohio-177, ¶ 9-10; *McMaster v. Brabazon*, 5th Dist. No. 2015 CA 00017, 2015-Ohio-4052, ¶ 17.

{¶ 36} Because the juvenile court rendered a final decision on custody in December 2023—thus superseding the May 4, 2023 temporary order to which mother objected—and proceedings challenging that final disposition are presently ongoing in the court below, the issue of whether the juvenile court erred in dismissing mother's objection to the magistrate's temporary order on September 22, 2023 has become moot.[2]

{¶ 37} For these reasons, we overrule mother's second assignment of error for lack of a final, appealable order and because it is moot.

## III. CONCLUSION

{¶ 38} Having sustained mother's first assignment of error and overruled mother's second assignment of error, we vacate the juvenile court's August 31, 2023 order issuing a warrant to take physical possession of the minor child, and remand this matter to the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch for further proceedings consistent with this decision.

*August 31, 2023 order vacated*;
*cause remanded.*

MENTEL, P.J. and JAMISON, J., concur.

---

[2] Further, we note that Civ.R. 53(D)(3)(b)(iii) requires a party objecting to a magistrate's factual findings to file either "a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available" for the trial court's consideration. In this case, mother failed to provide a transcript of the May 4, 2023 hearing or an affidavit of evidence to the juvenile court and did not provide this court with an App.R. 9(C) statement. As such, mother's assignment of error challenging the juvenile court's dismissal of her objections to the magistrate's factual findings would have been overruled. Civ.R. 53(D)(3)(b)(iv). *See also State ex rel. Pallone v. Ohio Court of Claims*, 143 Ohio St.3d 493, 2015-Ohio-2003, ¶ 11 (holding that an objecting party's "failure to file a transcript or affidavit with the objections to a magistrate's findings of fact constitute[s] a waiver of appeal of those findings").